**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

CASE NUMBER: 07-20587

HON. MARIANNE O. BATTANI

v.

OMAR SHARIF BEASLEY,

                Defendant.
                                       /

## ORDER DENYING MOTION TO REDUCE SENTENCE

On June 21, 2010, Defendant OMAR SHARIF BEASLEY, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). After reading his motion, the government's response, and Defendant's reply, the Court DENIES the motion.

The background of the case is set forth as follows in the government's brief. On October 30, 2001, Defendant was sentenced out of the District of Minnesota to a prison term of 87 months, followed by a three-year term of supervised release, based upon a conviction for possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Following Defendant's release from incarceration, his case was transferred to the Eastern District of Michigan, on November 13, 2007, for Defendant's remaining term of supervised release. On January 14, 2010, this Court revoked Defendant's supervised release and sentenced him to 28 months custody. Defendant's appeal of this Court's judgment on the supervised release violation is pending.

Defendant argues that his sentence should be reduced because the Sentencing Commission has lowered the guideline range for crack cocaine. 18 U.S.C. § 3582(c)(2) provides "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Based on this statute, the Court reviewed the policy in the guidelines to see how it is applied when the defendant has completed his prison term as Defendant has here.

The sentencing guidelines clearly and specifically prohibit reduction in a sentence where the prison time has already been served. "<u>Prohibition</u> – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. §1B1.10(c). Further, in the event Defendant believes a reduction should be credited towards the time he is serving for his supervised release violation, Application Note 4 of §1B1.10, expressly disallows this. "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

Therefore, the Court HEREBY DENIES the Motion to Reduce Sentence.

IT IS SO ORDERED.

                                        s/Marianne O. Battani
                                        Honorable Marianne O. Battani

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Defendant, Omar Sharif Beasley, and Counsel for the Government.

                                        s/Bernadette M. Thebolt
                                        Case Manager